[22 NYS3d 579]

In the Matter of STEVEN M. DRAPALA (Admitted as STEVEN MARK DRAPALA), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, January 13, 2016

## APPEARANCES OF COUNSEL

*Mitchell T. Borkowsky*, Hauppauge (*Robert H. Cabble* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

On November 21, 2014, the respondent pleaded guilty in the Supreme Court, Nassau County, to 10 felony counts as follows: rape in the first degree, a class B violent felony, in violation of Penal Law § 130.35 (1); aggravated sexual abuse in the first degree, a class B violent felony, in violation of Penal Law § 130.70 (1) (a); criminal sexual act in the first degree (two counts), a class B violent felony, in violation of Penal Law § 130.50 (1); aggravated family offense, a class E felony, in violation of Penal Law § 240.75 (1); strangulation in the second degree, a class D violent felony, in violation of Penal Law § 121.12; aggravated criminal contempt, a class D felony, in violation of Penal Law § 215.52 (1); criminal contempt in the first degree, a class E felony, in violation of Penal Law § 215.51 (b) (v); unlawful imprisonment in the first degree, a class E felony, in violation of Penal Law § 135.10; and assault in the second degree, a class D violent felony, in violation of Penal Law § 120.05 (6). On May 1, 2015, the respondent was sentenced, inter alia, to five years of imprisonment and a 10-year period of postrelease supervision.

The Grievance Committee for the Tenth Judicial District now moves to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b), based upon his felony convictions. The respondent has been personally served and has neither opposed the Grievance Committee's motion nor submitted any papers in response.

Pursuant to Judiciary Law § 90 (4) (a), the respondent was automatically disbarred and ceased to be an attorney upon his conviction of a felony.

Accordingly, the motion to strike the respondent's name from the roll of attorneys and counselors-at-law is granted, pursuant to Judiciary Law § 90 (4) (b), to reflect the respondent's automatic disbarment as of November 21, 2014.

ENG, P.J., MASTRO, RIVERA, DILLON and BARROS, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Steven M. Drapala, admitted as Steven Mark Drapala, is disbarred, effective November 21, 2014, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,

Ordered that the respondent, Steven M. Drapala, admitted as Steven Mark Drapala, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Steven M. Drapala, admitted as Steven Mark Drapala, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Steven M. Drapala, admitted as Steven Mark Drapala, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).